O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#200

CIVIL MINUTES - GENERAL

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting in Part and Denying in Part Defendant Romeo Juncaj's Motion for Summary Judgment.

Pending before the Court is Defendant Romeo Juncaj's Motion for Summary Judgment. The Court heard oral argument on the matter on January 12, 2009.  After reviewing the moving and opposing papers, as well as the record before it, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion.

I.    BACKGROUND

   A.    Factual Background

   On March 13, 1997, Plaintiff Billy Lee Mayshack ("Mayshack") was arrested by the Los Angeles Police Department on suspicion of violating California Penal Code section 288, for child molestation.  *Statement of Uncontroverted Facts* ("*SUF*"), 2: *Statement of Genuine Issues* ("*SGI*"), 2.  While he awaited trial, Mayshack was incarcerated at the Men's Central Jail ("Jail"). *SUF*, 2; *SGI*, 2.

   According to Mayshack, from May 14, 1997, the date of his arrival at the Jail, to October 27, 1997, he kept the nature of his charges secret.  He did so primarily out of "fear of being beaten" because he believed that prisoners charged with violations of California Penal Code section 288—so-called "288 prisoners"—are often subjected to harassment.  *Mayshack Depo.* (Oct. 22, 2008), 61:12-62:3.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#200**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

Mayshack further alleges that on October 27, 1997 an unknown "trusty"[1] visited his cell. This trusty informed Mayshack's cellmates that Mayshack was a 288 prisoner, and directed them to "take care of [him]." He also warned them that if they failed to do so, "they would get taken care of." Mayshack's cellmates expressed disbelief as to this accusation and refused to comply with the threat absent some sort of proof that Mayshack was indeed a 288 prisoner. *Mayshack Depo.* (Oct. 22, 2008), 50:8-21. Later that day, the trusty returned with Mayshack's jail record card ("JRC"). Mayshack's cellmates reviewed the JRC and, finding that it confirmed the trusty's accusations, physically attacked Mayshack. *Id.* at 71:16-19. As a result of this beating, Mayshack lost consciousness and suffered a variety of injuries, including a 2 to 2.5-inch head laceration requiring staples; a left ear fold laceration; an upper gum laceration; and a broken upper denture. *See The Sheriff Department's Inmate Injury Report* (Oct. 27, 1997) ("Report").

Upon regaining consciousness, Mayshack alleges that he saw one of the defendants in this action, Robert Gonzales, a former custody assistant at the Jail, flash the "thumbs up" sign to Mayshack's cellmates as he walked past Mayshack's cell. *Mayshack Depo.* (Oct. 22, 2008), 50:14-17. Mayshack further avers that although he suffered apparent serious injuries as a result of the attack, he did not receive medical treatment until the next jail shift, many hours after the assault occurred.

On October 31, 1997, after Mayshack was relocated to a different module, Gonzales allegedly approached him at his cell. According to Mayshack, Gonzales "harass[ed]," "promise[d]," and "vowed to finish" what he had started days before. Mayshack also avers that Gonzales pointed at his cell while telling other inmates about Mayshack's charges. *Mayshack Depo.* (Oct. 22, 2008), 100:5-103:16.

The next day, on November 1, 1997, Mayshack was returning to his cell from a visit with his wife when an inmate trusty who was standing next to or near Defendant Romeo Juncaj ("Juncaj"),[2] pointed at Mayshack and said, "That's him." An unknown trusty then escorted Mayshack to the laundry room and subsequently began to question Mayshack about his pending charges. Shortly thereafter, Gonzales retrieved Mayshack's JRC and showed it to Juncaj, who then instructed Mayshack to return to his cell. While attempting to comply with Juncaj's directive, Mayshack alleges that he witnessed the beatings of two other 288 prisoners. As

---

[1] A "trusty" is an inmate who is assigned certain tasks by jail officials. Such tasks range from cleaning trash to escorting prisoners. *See id.* at 49:1-25.

[2] At the time of these incidents, Juncaj was a deputy sheriff and supervising training officer at the Jail.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#200**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

Mayshack watched these beatings, a trusty by the name of Wayne Henry ("Henry") approached Mayshack. Henry informed Mayshack that although the guards had told him to "whip [Mayshack's] ass," he was not going to do so because, among other things, he thought another beating would kill Mayshack. *Mayshack Depo.* (Oct. 22, 2008), 107:12-121:12.

### B. Procedural Background

Mayshack filed his Fourth Amended Complaint ("FAC") on March 25, 2004. The defendants named in the FAC are Gonzales and Juncaj (collectively, "Defendants"). Mayshack alleges that on three dates in October and November of 1997, Defendants violated his Fourteenth Amendment substantive due process rights.[3] Gonzales, according to Mayshack, committed these constitutional violations when he failed to protect Mayshack and was deliberately indifferent toward Mayshack's serious medical needs. Juncaj, by contrast, is liable because he was the "moving force" behind the alleged incidents in which Gonzales was involved and, in the alternative, entered into a conspiracy with Gonzales and the inmate trustees to violate Mayshack's rights.

After obtaining leave of Court, Juncaj, on October 17, 2007, filed the instant Motion for Summary Judgment.

## II. LEGAL STANDARD

---

[3] In actuality, Mayshack asserts in his FAC the following six claims against Defendants: (1) "freedom from cruel and unusual punishment"; (2) "right to immediate medical care"; (3) "due process"; (4) "right to equal protect under the law;" (5) "deliberate indifference"; (6) and "due process against pre-trial detainee." *See* FAC at 5. However, in its November 20 Order, the Court granted the motion for summary judgment as it related to Mayshack's Eighth Amendment and equal protection claims. Specifically, as to Mayshack's Eighth Amendment claim (*i.e.*, his "cruel and unusual punishment" claim), the Court reasoned that since the injuries complained of occurred while Mayshack was a pretrial detainee, the Fourteenth Amendment, rather than the Eighth Amendment, applies. *See Bell v. Wolfish*, 441 U.S. 52, 535, 99 S. Ct. 1572 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 n. 7 (9th Cir. 1991). As to Mayshack's equal protection claim (*i.e.*, his "right to equal protect under the law" claim), the Court found that this claim failed because Mayshack was not part of a recognized "protected class" within the meaning of the Equal Protection Clause. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1988). The remainder of the claims were treated as substantive due process claims under the Fourteenth Amendment.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#200**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id*. at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51. If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must provide affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III.  DISCUSSION

Juncaj argues that the Court should grant his Motion for Summary Judgment on three alternative grounds. First, he contends that, generally speaking, there is no genuine issue as to any material fact relating to the failure to protect and deliberate indifference claims asserted against him. Second, he argues that the applicable statute of limitations bars this action. Lastly, he takes the position that he is entitled to qualified immunity. The Court addresses each of these arguments in turn.

    A.  Whether There Is a Genuine Issue of Material Fact Relating to the Claims Asserted Against Juncaj

Mayshack asserts two claims against Juncaj. His first claim is a failure to protect claim, brought under 42 U.S.C. § 1983, and premised under two different theories—a "moving force" theory and a conspiracy theory. His second claim is a deliberate indifference claim, also brought under 42 U.S.C. § 1983, but premised only on a "moving force" theory.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#200**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

1.  <u>Mayshack's Failure to Protect Claim: Whether Sufficient Evidence Exists for a Jury to Find that Juncaj Was a "Moving Force" Behind Mayshack's Injuries</u>

The Court first considers whether a genuine issue of material fact exists to the claim that Juncaj was a "moving force" behind the October 27, 1997 attack. Ordinarily, supervisors cannot be held vicariously liable for the actions of their insubordinates under § 1983. *See Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989); *accord Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) ("Further, a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."). Supervisory liability can attach, however, "when the supervisor's own conduct was the 'moving force' behind the injuries inflicted by his subordinates and 'the actor [knew] or reasonably should [have known that his leadership] would cause others to inflict the constitutional injury.'" *Blackhawk v. City of Chubbuck*, 2005 WL 3244406, *4 (D. Idaho Nov. 21, 2005) (alterations in original, quoting *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)). Put otherwise, supervisors can be held liable under § 1983 only on a showing that they were either personally involved in the constitutional deprivation or that there is a sufficient causal connection between their wrongful conduct and the violation. *Hansen*, 885 F.2d at 646.

In support of his Motion, Juncaj first points to a business record that evidences his absence from the Jail on October 27, 1997. *See Garcia Decl.*, Ex. H. According to Juncaj, since he was not at the Jail the day of the attack, he could not have been a "moving force" behind the attack.

Essentially, Juncaj would have the Court read into the caselaw a requirement that a supervising officer must be present in order for liability to attach under a "moving force" theory. But the caselaw is to the contrary. The law allows liability to attach to a supervisor if she is a "moving force" behind a constitutional violation, regardless of whether she was present at the time the injury occurred. *See, e.g., Hansen*, 885 F.2d at 646 (permitting liability to attach so long as the supervising officer "implements a policy so deficient that the policy 'itself is a repudiation of constitutional rights'"). Put otherwise, physical presence is not a necessary element of a "moving force" theory.

Now, it is true that the business record introduced by Juncaj establishes that he was in fact absent from the Jail on the day Mayshack was beaten. But it only establishes that. It does not, contrary to Juncaj's arguments otherwise, show that he was not involved in the "regulation" of 288 prisoners. What does, by contrast, establish Juncaj's non-involvement in the "regulation" of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#200

CIVIL MINUTES - GENERAL

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

288 prisoners is his Declaration, in which he testifies:

> I am informed and believe that Plaintiff alleges a failure to protect claim under the Fourteenth Amendment stemming from his assault on October 27, 1997. I never physically harmed Plaintiff and I also never gave or showed any other inmate Plaintiff's Jail Record Card. . . .

*Juncaj Decl.* ¶ 12. This testimony demonstrates that absence of a genuine issue of fact for trial. Accordingly, the burden is now on Mayshack to set forth specific facts showing that there remains a genuine issue for trial.

Mayshack has produced evidence that demonstrates Juncaj's active role in the assaults that were administered by trustees against 288 prisoners. For instance, Mayshack has adduced the testimony of Henry, who was a trusty during the relevant time period. According to Henry:

> Often when a new inmate would arrive, if the inmate was a sex offender, Deputy Juncaj would give me the inmate's JRC to show me that the inmate was a sex offender. I would then examine and verify that the inmate was, in fact, a sex offender. If the inmate was a sex offender, I would notify other inmates of the individual's status as a sex offender. The purpose of this notification was to ensure that the inmate was assaulted.

*Henry Decl.* ¶ 3. Henry further testifies that "[a]ll of this was done at the direction of Deputy Juncaj." *Id.* Henry's testimony also shows that Juncaj knew that the attack on Mayshack was going to happen before it ever in fact occurred. Specifically, Henry testifies that prior to the attack on October 27, 1997, Juncaj told him that "Mayshack was a 'weirdo,' that he was a 'creep,' a child molester, a 288, and . . . that Mayshack was 'gonna get fucked up.'" *Henry Decl.* ¶ 4.

In summary, the evidence demonstrates that Juncaj not only knew that Mayshack was going to be beaten before October 27, 1997, but that he was also actively involved in the "regulation" of 288 prisoners. Accordingly, the Court DENIES Juncaj's Motion for Summary Judgment insofar as it relates to Mayshack's failure to protect claim, premised on a "moving force" theory.

    2. <u>Mayshack's Failure to Protect Claim: Whether Sufficient Evidence Exists for a Reasonable Jury to Find that Juncaj Entered Into a</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#200

CIVIL MINUTES - GENERAL

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

### Conspiracy with Gonzales and Other Trustees

Next, the Court considers whether a genuine issue of material fact exists relating to the claim that Juncaj conspired with the trustees and Gonzales. The Court believes that this question must be answered in the affirmative. As was the case above, Juncaj relies on his testimony to demonstrate the absence of a genuine issue of fact for trial. Specifically, Juncaj cites to Paragraph 14 of his Declaration, which reads as follows:

> I am also informed and believe that Plaintiff alleges that I was involved in a conspiracy to set him and other inmates who were charged with child molestation up to be beaten by other inmates. Plaintiff's allegation is false. I never entered into any agreement, explicitly or implicitly, with Defendant Custody Assistant Robert Gonzales or any other jail personnel to encourage, direct, or facilitate the assault of Plaintiff or any other inmates and have never been involved in any such conspiracy.

*Juncaj Decl.* ¶ 14.

Even assuming that this testimony is sufficient to shift the burden to Mayshack, Mayshack has produced more than sufficient evidence to move this claim past the summary judgment stage. As noted above, there is evidence that Juncaj not only employed trustees to regulate 288 prisoners, but that he directed them to regulate Mayshack. *See Henry Decl.* ¶¶ 2-3. Similarly, Mayshack has raised triable issues of fact as to whether Juncaj and Gonzales conspired with one another. It is undisputed that prior to the attack Juncaj was Gonzales' training supervisor. There is also evidence that after the attack, Juncaj removed Mayshack to a laundry room. *See Mayshack Depo.* (Oct. 22, 2008), 111:16-112:25. Subsequently, Gonzales confirmed to Juncaj that Mayshack was indeed the 288 prisoner beaten on October 27. *See id.* Now it may very well be the case that Gonzales was simply confirming the identity of Mayshack, and nothing more. But it may also be the case, as Mayshack believes that it is, that he was targeted by both Juncaj and Gonzales and that Gonzales was confirming to Juncaj that the "target" was in fact assualted. Ultimately, this issue of fact can be resolved in favor of either party, thus making summary judgment improper.

In summary, because Mayshack has raised triable issues of fact, the Court DENIES Juncaj's Motion for Summary Judgment insofar as it relates to Mayshack's failure to protect claim, premised on a conspiracy theory.

Case 2:00-cv-01297-PSG-PLA Document 266 Filed 01/20/09 Page 8 of 12 Page ID #:1068

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#200**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

3.   <u>Mayshack's Deliberate Indifference Claim: Whether Sufficient Evidence Exists for a Reasonable Jury to Find that Juncaj Was a "Moving Force" Behind the Denial of Medical Treatment</u>

Lastly, the Court considers whether there are triable issues of fact as to whether Juncaj trained or instructed Gonzales, or any other jail personnel, to encourage or direct jail personnel to refuse medical treatment to inmates and otherwise disregard an inmate's need for medical attention. Juncaj makes three alternative arguments as to why summary judgment should be granted in his favor. First, he contends that Mayshack has never asserted a deliberate indifference claim against Juncaj. Now, admittedly, Mayshack's FAC is far from perfect. However, this Court has a duty to construe *pro se* complaints liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). In his FAC, Mayshack alleges that "he was not allow[ed] any medical treatment until the following shift, even tho [sic] Gonzales made one walk thur [sic] to confirm the beating." *FAC* at 5A. In keeping with its duty to construe *pro se* complaints liberally, this Court finds that this allegation asserts a deliberate indifference claim against Juncaj. Consequently, the Court rejects Juncaj's first argument.

Next, Juncaj argues that there is undisputed evidence that he was not present at the Jail on October 27, 1997, the day Mayshack claims he was deprived of medical care. As noted above, simply because Juncaj was not present at the Jail the day Mayshack was attacked does not compel the conclusion that he was not a "moving force" behind the attack. That same rationale applies here. Accordingly, the Court rejects Juncaj's most recent attempt to inextricably link his presence with a finding of liability.

Lastly, Juncaj argues that during the course of discovery, Mayshack "has never offered any proof of [this deliberate indifference claim] against Defendant Juncaj." *Reply*, 7:21-22 (citing *Lee Decl.* ¶ 5). It is well-established that one way a party may move for summary judgment is on the ground that there is no genuine issue of material fact as to some matter on which the opposing party would have the burden of persuasion at trial; *i.e.*, some essential element of the opposing party's claim or defense. *Celotex Corp.*, 477 U.S. at 322-23. When summary judgment is pursued down this avenue, the moving party without the ultimate burden of persuasion at trial carries its initial burden of production by "show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted).

In an attempt to survive summary judgment on this claim, Mayshack has pointed to a

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#200

### CIVIL MINUTES - GENERAL

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

variety of depositions and declarations that he believes constitute evidence on this claim. However, none of these depositions or declarations demonstrate that Juncaj was the "moving force" behind Gonzales' refusal to promptly treat Mayshack's injuries. Rather, as confirmed at oral argument, the evidence only speaks to Juncaj's role in the assault of Mayshack, not the subsequent denial and deprival of medical care. Therefore, the Court GRANTS Juncaj's Motion insofar as it relates to Mayshack's deliberate indifference claim.

  B.  <u>Whether Mayshack's Claim is Barred By the Statute of Limitations</u>

  The Court next considers whether Mayshack's claim against Juncaj violates the applicable statute of limitations. Mayshack's claim is controlled by California's statute of limitations governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). At the time Mayshack filed his original complaint on February 11, 2000, the personal injury statute of limitations in California was one year. *See* Cal. Civ. Proc. Code § 340.3. However, California law also provides that the statute of limitations for prisoners is tolled for a maximum of two years. Cal. Civ. Proc. Code § 352.1(a), (c). Accordingly, Mayshack had a total of three years from October 27, October 31, and November 1, 1997, the dates on which his claims accrued, to file a complaint against Defendants.

  Mayshack originally filed his complaint on February 11, 2000, but did not name Juncaj as a defendant until March 25, 2004, the date on which Mayshack filed his FAC. Therefore, unless Mayshack's claim against Juncaj relates back to the February 2000 filing of the original date, it is time-barred.

  Federal Rule of Civil Procedure 15(c)(3) is the federal relation-back provision governing amendments to add or substitute a party in a complaint. In relevant part, it provides:

> An amendment to a pleading relates back to the date of the original pleading when:
> …
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#200**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

> by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(3).

In conjunction with his first motion for summary judgment, Juncaj argued that Federal Rule of Civil Procedure 15(c)(3) did not apply. The Court, however, disagreed with Juncaj, and held that Mayshack's FAC relates back to the filing of the original complaint. Presently, Juncaj raises a very precise argument as to why the Court should now find that Mayshack's claim against Juncaj does not relate back to February 2000. According to Juncaj, now that he has had an opportunity to conduct discovery, the record is replete with evidence that he has suffered substantial prejudice as a result of Mayshack's delay in bringing charges against him. For example, he claims that the delay has prevented him from gathering written evidence from the relevant time period and from locating a number of witnesses who could have refuted Mayshack's assertions. According to Juncaj, some of these witnesses have supposedly left town since the incidents occurred. Other witnesses are inmates and since they are "transitory," are no longer as accessible as they would have been had Mayshack initially filed charges against Juncaj. Also, Juncaj argues that even if Juncaj was able to locate relevant witnesses, the passage of time will have faded their memories. In sum, it is Juncaj's contention that, as a result of the aforementioned, Mayshack cannot demonstrate that Juncaj "will not be prejudiced in defending on the merits." *See* Fed. R. Civ. P. 15(c)(i).

The Court finds Juncaj's arguments unpersuasive. While Juncaj maintains that the passage of time has hindered his ability to raise an adequate defense, he fails to provide specific examples of evidence he has been unable to obtain. For instance, Juncaj testifies that "because of the passage of time, [he has] not been able to locate many documents and other materials that may have helped [him] in [his] defense against Plaintiff's claims." *Juncaj Supp. Decl.* ¶ 7. Yet Juncaj fails to explain which documents he believes are no longer available. Likewise, although Juncaj contends that he has made attempts to locate potential witnesses who could help him refute Mayshack's claims, Juncaj fails to state which witnesses would have been able to help

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#200**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

him. Equally unhelpful is the Supplemental Declaration of Daniel Lee which, like Juncaj's Supplemental Declaration, contains only unsubstantiated, conclusory statements.

Contrary to Juncaj's arguments otherwise, the record evidences that prejudice is lacking. It is true that the delay in naming Juncaj was lengthy, but Juncaj's original attorney conducted discovery on Gonzales' behalf before he began representing Juncaj. *See, e.g., LaCedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 129-30 (D. R.I. 2004) ("When a new and original defendant share the same attorney, there is no prejudice to the new defendant if the attorney was initially on notice to prepare the new party's defense."). Moreover, the Court has now re-opened discovery *twice* to give Juncaj additional time to prepare a defense. These circumstances demonstrate that Juncaj will not be prejudiced by relation back of the amendment.

C. <u>Whether Juncaj is Entitled to Qualified Immunity</u>

Lastly, the Court considers whether Juncaj is entitled to qualified immunity. Recently, the Supreme Court clarified that in a suit against an officer for an alleged violation of a constitutional right, the district court must address two issues, in proper sequence. *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Initially, the Court must rule upon the following threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201. If a constitutional right would have been violated, "the next, sequential step is to ask whether the right was clearly established." *Id.*

In this case, the Court has already determined that the facts alleged show that Juncaj's conduct violated Mayshack's constitutional rights. Accordingly, next the Court must ask whether these rights were clearly established. In making this determination, the Court is mindful that this inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.*

There is no doubt that the Fourteenth Amendment secures an individual prisoner's "right to personal security." *See Vitek v. Jones*, 445 U.S. 480, 491-94, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982); *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982). This is not, however, enough. Rather, the "relevant, dispositive inquiry" here is "whether it would be clear to a reasonable officer that [her] conduct was unlawful in the situation [she] confronted." *Saucier*, 533 U.S. at 202 (citation omitted). Undoubtedly, a reasonable officer is well-aware that the mere fact that a person has been detained does not deprive her of all substantive liberty

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#200**

### CIVIL MINUTES - GENERAL

| Case No. | CV 00-1297 PSG (PLAx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

interests under the Fourteenth Amendment. Such interests include the right that adverse action will not be taken against a person except upon the occurrence of specified behavior. *See Vitek*, 445 U.S. at 491-94.

In summary, Mayshack has alleged a deprivation of civil rights that were clearly established at the time of the deprivation. Accordingly, the Court rejects Juncaj's argument that he is entitled to qualified immunity.

IV. <u>CONCLUSION</u>

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendant Juncaj's Motion for Summary Judgment. More specifically, the Court GRANTS Defendant's Motion insofar as it relates to Mayshack's deliberate indifference claim and DENIES it in all other respects.

**IT IS SO ORDERED.**