O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#389/392**
**07/13 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order Granting Plaintiff's Motion to Re-Tax Defendants' Bill of Costs**

On May 21, 2009, the Clerk of the Court assessed a combined total of $10,714.18 in costs against Billy Lee Mayshack ("Plaintiff"). Subsequently, on June 1, 2009, Plaintiff moved the Court to re-tax costs. Plaintiff does not object to any particular line-item determination of the costs by the Clerk. Rather, Plaintiff requests that the Court exercise its discretion to eliminate any assessment of any costs. *See* 28 U.S.C. § 1915(f)(1) ("Judgment *may* be rendered for costs at the conclusion of the suit or action as in other proceedings . . . .") (emphasis added).

As an initial matter, the Court notes that Robert Gonzales and Romeo Juncaj (collectively, "Defendants") failed to file an opposition to this request. That alone is a sufficient basis for granting Plaintiff's motion. *See* L.R. 7-12.

There is an additional reason why it is proper to grant this motion. Plaintiff proceeded *in forma pauperis* in this civil rights case for several years. As the Seventh Circuit noted in *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160 (7th Cir. 1983), "the inability to pay is a proper factor to be considered in granting or denying taxable costs." *Id.* at 1165. Granted, this case is not exactly analogous to *Badillo.* There, the plaintiff proceeded *in forma pauperis* throughout the entire proceeding. Here, by contrast, Plaintiff eventually found representation, albeit on a pro bono basis. Nonetheless, the Court finds that the underlying rationale of *Badillo* equally applies in this case. Additionally, this Court is unwilling to penalize a pro se litigant simply because he was fortunate enough to find attorneys who were willing to represent him on a pro bono basis. Such a perverse result cannot be tolerated.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#389/392**
**07/13 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-1297 PSG (PLAx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Billy Lee Mayshack v. Robert Gonzales | | |

Based on the foregoing, the Court hereby GRANTS Plaintiff's Motion to Re-Tax costs. Accordingly, the Court directs the Clerk of the Court to deny Defendants all costs.

**IT IS SO ORDERED.**